FILED IN CLERK'S OFFICE
U.S.D.C. -Gainesville

JAN 1 5 2014

JAMES N. HATTEN, Clerk
By: Vicki Dougherty
        Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| WILLIAM BOBBY BROWN, <br><br> Plaintiff <br><br> vs. <br><br> GREAT NORTHERN INSURANCE CO. <br> CHUBB GROUP OF INSURANCE CO., <br> Defendants | CIVIL ACTION <br><br> FILE NO. <br> 2:14-CV- 015 |

## VERIFIED PETITION AND COMPLAINT

COMES NOW, William Bobby Brown petitioner and plaintiff in the above-styled action (hereinafter referred to as "Plaintiff") and hereby files this verified complaint against the defendants GREAT NORTHERN INSURANCE CO. and CHUBB GROUP OF INSURANCE CO. and would respectfully show this Honorable Court as follows:

### PARTIES

1. Plaintiff William Bobby Brown is a permanent resident citizen of Forsyth County, State of Georgia and a citizen of the state of Georgia and resides within this judicial district and division. Mr. Brown is physically impaired with blindness and a severe heart condition and relies upon his son-in-law Ron Mayhew as his power-of-attorney.

2. GREAT NORTHERN INSURANCE COMPANY is a foreign corporation whose

address is principal office is Indianapolis, Indiana and is a subsidiary of The Chubb Corporation a/k/a Chubb Group of Insurance Companies.

3. THE CHUBB CORPORATIONS, a/k/a CHUBB GROUP OF INSURANCE CO. is a foreign corporation organized and existing under the laws of New Jersey.

4. Plaintiffs in the Civil Action, give further notice that the Civil Action is an action in which there is diversity of citizenship and the amount in controversy is in excess of $75,000.00 pursuant to 28 U.S.C. §§ 1332(a)(1) and 1441.

5. Plaintiffs are seeking relief for, among other things, alleged violations of insurance contract in the bad faith non-payment of a claim arising from a wrongful eviction by SunTrust Bank resulting the claimed and covered loss due to conversion, theft and intentional destruction of property.

6. This Court has supplemental jurisdiction over the Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

7. Venue is proper in the Gainesville Division.

8. **FACTUAL BACKGROUND**

9. William B. Brown is the insured.

10. Plaintiff resided at 9140 Ivyshaw Landing at the time of the loss with his wife, Claudia Brown; his daughter, Connie Mayhew and her husband Ron Mayhew. Two of his grandchildren, Aaron Mayhew and Lauren Mayhew also had property at the residence covered in the claimed loss below. Claudia Brown's sister, Jewel Franklin, also had property located at the residence at the time of the loss.

11. William B. Brown made a claim to Chubb Insurance for damages and conversion of property resulting from a wrongful eviction by SunTrust Bank on January 16, 2013.

12. The eviction was conducted by the Forsyth County Sheriff Department without a court ordered Writ of Possession or any other warrant or court order (Exhibit A).

13. SunTrust Bank initiated eviction procedures in the magistrate court of Forsyth County (Exhibit A). A hearing was conducted on October 2, 2012 and a consent judgment (Exhibit B) was entered whereby the Defendants agreed to vacate the premises by midnight of October 31, 2012. **No Writ of Possession issued.** SunTrust Mortgage and Plaintiffs were involved in ongoing litigation in the United States District Court for the Northern District of Georgia. Further Defendants continued to rely upon the representations of counsel for SunTrust Mortgage, Monica Gilroy, that the blatant and obvious criminal and environmental issues relating to the property were going to be exposed to proper federal authority and that the property, in fact, was prohibited from being transferred or sold. Neither SunTrust Mortgage, nor SunTrust Bank ever demanded actual possession of the premises following the passing of the midnight October 31, 2012 date.

14. The next event was the appearance of the Forsyth County Sheriff Warrant Unit dressed out in tactical gear with automatic weapons to forcibly remove Plaintiffs from the premises on January 16, 2013 (Exhibit C). **No Writ of Possession** was produced. No writ of possession was issued by the magistrate court or any other court of record. SunTrust Bank never requested or obtained a **Writ of Possession** as required under Georgia Law, O.C.G.A. 44-7-55.

15. The text of Plaintiffs' notice of this wrongdoing to SunTrust Board of Directors is attached as Exhibit D. The thefts, trespassing, threats and wanton destruction of property are described in Exhibit D. The un-warranted action by SunTrust Bank

resulted in the placing of the Plaintiffs' lives in mortal danger, the theft and destruction of all of the Plaintiffs' personal property and was, in fact, a retaliation for the exposure of the environmental crimes and real property thefts in the Plaintiffs subdivision and throughout Forsyth County and the State of Georgia.

16. Plaintiff's insurance policy with Defendants is Exhibit E. The policy covers the event.

17. The policy coverage amount is $1,032,724, Exhibit E.

18. The claim filed with Chubb for this loss is Exhibit F.

19. Plaintiff conducted an inventory and valuation of the loss with Chubb, the value of the loss was calculated to be $960,000.

20. Plaintiff has suffered additional expenses and losses due to the unwarranted refusal of Defendant to pay this claim. Strorage fees alone for the damaged property as evidence is $300 per month.

21. Defendants have denied payment of this claim under the assertion that a valid Writ of Possession was issued (Exhibit G) and that the so called "eviction" action was legal.

22. Plaintiff has communicated the facts of the matter to Defendants in letters dated 2/21/2013 (Exhibit H), 10/11/2013 (Exhibit I),

23. Defendants have continued to claim that a valid Writ of Possession was issued even though they knew is was not (Exhibit J).

24. Plaintiff transmitted to counsel for Defendant (Bagley) another demand letter on 11/21/2013 from lawyer Jon McPhail (Exhibit K).

RELIEF SOUGHT

25. Plaintiffs request that that:

26. Defendants be found to have intentionally or negligently inflicted emotional distress

upon the Plaintiffs;

27. Defendants be found to be in violation of the insurance contract with Plaintiff.

28. Defendants be ordered to comply with the insurance contract by paying the stated claim.

29. Attorneys' fees and expenses be awarded to Plaintiffs from Defendants;

30. Defendants be ordered to pay court costs;

31. A jury be impaneled to hear this cause; and

32. They be granted such further relief as justice may require.

33. **FIRST CAUSE OF ACTION**

34. **(Breech of Contract)**

35. The Defendants entered into a contract of insurance with the plaintiff and therein agreed to insure Plaintiff's property at his personal residence located at 9140 Ivyshaw Landing, Gainesville, GA 30506 against loss.

36. Said insurance contract was in full force and effect on January 16, 2013, the date Plaintiff incurred the loss described herein.

37. The loss Plaintiff incurred on January 16, 2013 was a covered loss as defined in the contract of insurance with Defendants.

38. Defendants have breeched said contract of insurance by failing and refusing to pay plaintiff for the damages he incurred in the covered loss.

39. As a result of said breech Plaintiff has suffered damages in excess of $960,000.

40. **SECOND CAUSE OF ACTION**

41. **(Bad Faith)**

42. The allegations of paragraphs 1 through 38 are incorporated by reference as if fully set forth herein.

43. Defendants' failure to pay Plaintiff on his loss constitutes bad faith under the Georgia Insurance Code, O.C.G.A. §33-4-6.

44. Plaintiff is therefore entitled to bad faith penalties under the statute and attorneys fees.

### 45. THIRD CAUSE OF ACTION

**46. (Punitive Damages)**

47. The allegations of paragraphs 1 through 43 are hereby incorporated by reference as if fully set forth herein.

48. The Defendants' conduct set forth above was intentional and malicious authorizing the imposition of punitive damages under Georgia law.

49. WHEREFORE, Plaintiff William Bobby Brown **DEMANDS A JURY TRIAL** and prays for judgment as follows:

   1. The Plaintiffs recover for damages in a amount to be proven at trial;
   2. That Plaintiff recover attorney fees under O.C.G.A. §33-4-6;
   3. That Plaintiff recover bad faith penalties fees under O.C.G.A. §33-4-6;
   4. That all costs of this suit be taxed against the Defendants.
   5. For such other and further relief as the Court deems just and proper.

Respectfully submitted this _____ Day of January, 2014

_[signature]_
Submitted and Signed: William Bobby Brown, Plaintiff, Pro Se

Prepared and Submitted by:
Ron Mayhew, POA for William Bobby Brown
9050 Ivyshaw Drive
Gainesville, GA 30506
(706) 889-4399

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | | |
|---|---|---|
| WILLIAM BOBBY BROWN, | * | |
| | * | CIVIL ACTION |
| Plaintiff | * | |
| | * | FILE NO. |
| vs. | * | |
| | * | |
| GREAT NORTHERN INSURANCE CO. | * | |
| CHUBB GROUP OF INSURANCE CO., | * | |
| Defendants | * | |

## VERIFICATION

Before the undersigned officer, duly authorized by law to administer oaths, appeared William Bobby Brown, who, after first being duly sworn according to law on oath, deposes and states on behalf of himself that the foregoing **VERIFIED PETITION AND COMPLAINT** is true and correct to the best of his knowledge, information and belief.

This _14_ day of January, 2014.

_____
William Bobby Brown

Sworn to and subscribed before me
this _14_ day of _Jan_____, 2014.

_____
NOTARY PUBLIC
My commission expires: